UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 15-3-DLB

DOUGLAS C. BRANDON                                     PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

JODIE L. SNYDER-NORRIS                            RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Douglas C. Brandon is a prisoner confined at the Federal Prison Camp in Ashland, Kentucky. Proceeding without an attorney, Brandon has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] and has paid the $5.00 habeas filing fee. [D. E. No. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; Alexander v. Northern Bureau of Prisons, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Brandon's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

On June 26, 2003, Brandon was convicted in the United States District Court for the Southern District of New York of conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371, securities fraud in violation of 15 U.S.C. § 78j(b) & 78ff, and wire fraud in violation of 18 U.S.C. § 1343 and 1346. On June 28, 2005, he was sentenced to ninety-seven months on the securities fraud counts and sixty months on the conspiracy and wire fraud counts, all to run concurrently with one another. *United States v. Brandon*, No. 1:02-CR-122-JGK-3 (S.D.N.Y. 2002). The Second Circuit affirmed Brandon's conviction on direct appeal. *United States v. Rittweger*, 524 F.3d 171, 178 (2d Cir. 2008).

In the years following, Brandon has filed numerous challenges to his convictions and sentence, including a motion under 28 U.S.C. § 2255 and several prior habeas corpus petitions filed under § 2241, all without success. *Cf. Brandon v. Cauley*, No. 0:13-CV-5-DLB (E.D. Ky. 2013). The Court has likewise previously rejected his efforts to compel the Bureau of Prisons to place him in home confinement in light of his health concerns. *Brandon v. Cauley*, No. 0:10-4-DLB (E.D. Ky. 2010) (denying request under 18 U.S.C. § 3624(b)).

In his current petition, Brandon challenges the BOP's denial of his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [D. E. No. 1, pp. 1, 4] Brandon contends the warden did not comply with BOP Program Statement 5050.49 when he failed to expressly mention Brandon's Parkinson's disease in his February 25, 2014, denial of his request. *Id.* at 4-5.[1] Brandon is currently projected to be released from BOP custody on

---

[1] Brandon also suggests that the Southern District of New York lacked "jurisdiction" over him or his offense because he is a citizen of Kentucky and the Governor of Kentucky did not cede jurisdiction to New York. [D. E. No. 1, p. 3, 5] To the extent that Brandon's petition can be read to challenge his underlying conviction, such an argument is one of ordinary trial error which must have been asserted on direct appeal or under § 2255, and hence is not cognizable under § 2241. *Cf. Parke*

2

November 15, 2015.  [D. E. No. 1-1, p. 8]

      The "compassionate release" provision found in Section 3582 states that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (I) extraordinary and compelling reasons warrant such a reduction; …" 18 U.S.C. § 3582(c)(1)(A) (emphasis added).  In light of the statute's plain requirement that only the BOP has standing to make such a request for release, the overwhelming majority of courts – including the Sixth Circuit – have held that a federal district court "lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(I)." *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011) (collecting cases).  *See also Justice v. Sepanek*, No. 12-74-HRW (E.D. Ky. Mar. 11, 2013) (holding that court lacks jurisdiction to grant habeas relief ordering compassionate release under § 3582); *Caudill v. Hickey*, No. 12-7-KKC, 2012 WL 2524234 (E.D. Ky. June 29, 2012) (same).  Because this Court lacks authority to grant Brandon the relief he seeks, his petition must be denied.

      Accordingly, **IT IS ORDERED** that:

    1.    Brandon's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

    2.    The Court will enter a judgment contemporaneously with this order.

    3.    This matter is STRICKEN from the docket.

---

*v. Kirby*, 441 F. App'x 64 (3d Cir. 2011); *Beadles v. Holland*, No. 14-182-DLB, 2014 WL 7011899, at *3 (E.D. Ky. Dec. 11, 2014) (collecting cases).

This 25th day of February, 2015.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\Ashland Civil\2015\15-3 MOO dismissing habeas petition.wpd